JiDUFRESNE, Judge.
Andree Carter, plaintiff-appellant, brought this redhibition action against Benson Automotive Company, Inc., defendant-appellee, alleging that it had sold her a flood damaged automobile which it falsely represented to her as being “undamaged.” She also urged that the matter be certified as a class action on the grounds that a number of other people had bought automobiles from the defendant which had also allegedly been damaged in the same flood. The defendant filed an exception directed to the issue of whether a class should be certified, as per La.Code Civ.Pro., Art. 593.1, and submitted the affidavit of its service manager in support of that exception. That affidavit represented that only 18 other people had purchased automobiles which might possibly have been exposed to the flood waters, and that the names of all these purchasers were known. The defendant argued that this small number of potential parties plaintiff did not meet the numer-osity requirement of La.Code Civ.Pro., Art. 591, nor was their joinder 12impracticable, and therefore that class certification should be denied. The trial judge agreed with this position and dismissed the class action as per Art. 593.1, supra. It further appears, however, that he dismissed plaintiffs individual action as well. Plaintiff now appeals that judgment.
For the following reasons, we vacate the judgment of the trial judge in so far as it dismisses plaintiffs individual suit against the defendant. However, we affirm that portion of the judgment dismissing the class action.
The suit at issue here first represents that Andree Carter “brings this action individually and on behalf of all others so similarly situated.” Paragraphs 2 to 11 of that petition set forth factual allegations which go solely to Carter’s action against the defendant, i.e. those that relate to the alleged flood, representations made to her about the condition of the car, alleged attempts by the vendor to repair the vehicle, and the defendant’s pre-sale knowledge of these alleged flood related defects. Paragraphs 12 to 16, set forth the further allegations as to a potential class action. The remaining few paragraphs set out plaintiffs legal theory of the action as it pertains to her individually and to the class. Finally, the prayer of the petition is for relief in favor of both plaintiff individually, and the class.
Plaintiff first urges here that it was error for the trial judge to dismiss the class action. We disagree. It is clear that neither the numerosity nor the impracticability of joinder tests are met in this case, and therefore that dismissal of the asserted class action was proper, O’Halleron v. L.E.C., Inc., 471 So.2d 752 (La.App. 1st Cir.1985).
13Although the question as to plaintiffs individual cause appears to be res nova, it is equally clear to this court that its dismissal was not proper on the facts of this case. Article 593.1(A) of the Code of Procedure provides that the question of whether an action should be maintained as a class may be taken up preliminarily on any motion or exception directed to this issue. It further provides that if the class action is dismissed, “[t]he court may permit amendment of the pleadings in the action to permit maintenance thereof as an ordinary proceeding on behalf of the parties named therein.” While this language is permissive, rather than mandatory, we nonetheless do not read it to mean that the trial judge has unfettered discretion in permitting or denying such an amendment. Further, because our civil procedure is based on fact pleading, cf. La.Code Civ.Pro., Arts. 854 and 891, the courts must look to the facts alleged to discover what, if any, relief is available to the parties. Finally, more than one cause of action may be urged in the same petition, and these causes *1316 may even be inconsistent or mutually exclusive, La.Code Civ.Pro., Art. 892.
In the present ease, plaintiff asserted an individual cause of action in redhibition and pled all alleged facts necessary to sustain such an action. She also urged in conjunction with this petition that a class should be certified, made up of all other persons similarly situated vis-a-vis the defendant. That this class certification was denied did not void or otherwise affect plaintiffs well pled individual action, and that action is therefore still viable. To conclude otherwise would mean that an' aggrieved party who thought that a class action might be warranted |4would be wise to file two petitions, one for herself and one for the class. Otherwise, she would run the risk of having her individual cause of action dismissed with the class action, requiring additional attorney and filing fees to refile her personal claim, and very probably encountering problems with prescription or peremption. Such a cumbersome procedure would not only be inconsistent with the principles of fact pleading and cumulation of actions, but it would be contrary to principles of judicial economy as well.
We therefore rule that where a well pleaded individual cause of action is joined with a class action, and the court dismisses the class action for lack of numerosity or lack of impracticability of joinder, the individual action survives this judgment, and the only amendment of the pleadings which might be permitted by the trial court is one deleting the class action portions of the petition. For the above reasons, we therefore vacate the judgment of the trial court in so far as it dismissed plaintiffs individual cause of action. We affirm, however, the action of the trial judge in refusing to certify the class action and dismissing that portion of the case.
A final issue raised by plaintiff concerns certain requests for discovery from the defendant. It appears that because the entire case was dismissed, these discovery requests were never ruled upon. Now that plaintiffs individual cause has been re-instated, those discovery matters should properly be taken up again in the trial court.
|5For the above reasons the judgment of the trial court is affirmed in part, vacated in part, and remanded for further proceedings.

AFFIRMED IN PART, VACATED IN PART, AND REMANDED.