bPARRO, J.
In this action for redhibition, the purchaser of a Georg Kolbe bronze sculpture sought rescission of the sale on the basis that the sculpture was a forgery. The sellers appeal the trial court judgment which granted the purchaser’s motion for summary judgment and ordered the sellers to return the purchase price. For the following reasons, this court reverses and remands.

Factual Background and Procedural History

At an auction on Saturday, December 4, 1993, Berman Daferner, Inc. (“Daferner” or “purchaser”) purchased a bronze sculpture consigned for sale by Alan Siliko and Jeri Johansen of Ohio to Ronald Causey d/b/a Louisiana Auction Exchange or Louisiana Auction Exchange, Inc. (“sellers”) for $22,-000.[1] The sculpture was identified as: Georg Kolbe, German, 1877-1947, “Sitzende Frau,” bronze, 10% inches high, executed in 1926, signed with the monogram on the underside of the base.
“Terms, Rules, Policies and Conditions” published in the auction catalogue provided in pertinent part:
[I]f within twenty-one (21) days of the sale or within twenty-one (21) days of taking delivery of the lot sold, the purchaser furnishes written proof from an accepted and qualified expert that the lot is a forgery, and if the lot is returned to Louisiana Auction Exchange in the same condition as when it was sold, then the sale will be rescinded and the purchase price refunded. *468 All obligations to buyers terminate twenty-one (21) days after the buyer takes delivery or possession of the lot.
Daferner received the bronze sculpture on December 16, 1993. Shortly afterwards, it shipped the bronze sculpture to Berlin, Germany, to have its authenticity verified by Dr. Ursel Berger, director of the Georg Kolbe Museum, Berlin. Dr. Berger has been employed by the Georg Kolbe Museum since 1978. She has 17 years of experience with the works of Georg Kolbe. Daferner contends Dr. Berger is accepted worldwide as an authority on the works of Georg Kolbe.
On January 21, 1994, Daferner was informed that Dr. Berger doubted the authenticity of the sculpture. Daferner notified the sellers of this information by telephone, and a letter dated January 21, 1994, was sent to the sellers to confirm the ^telephone conversation. In this letter, Daferner noted a written report was requested, which report was to be forwarded to the sellers upon receipt.
In a report dated January 26, 1994, Dr. Berger opined that the bronze sculpture was not authentic and was a forgery since the one presented by Daferner for inspection differed from an original bronze sculpture owned by the Kolbe museum as follows: no foundry mark; shorter in height — probably resulting from shrinkage due to “surmoulage;” details relating to the fingers, carriage of the head, and left cheek differed; lighter in weight; and the patina differed. In her report, she stated there are many forgeries of Kolbe’s “Sitzende Frau” of 1926, which was one of his most popular sculptures.
In light of the sellers’ refusal to refund the purchase price, Daferner filed an action for redhibition against Ronald Causey d/b/a Louisiana Auction Exchange and Louisiana Auction Exchange, Inc. seeking rescission of the sale, return of the purchase price, expenses, damages, attorney fees, and costs. Daferner subsequently moved for summary judgment. The sellers opposed Daferner’s motion contending there were genuine issues of material fact manifested by the opposing affidavits of Sandra Causey and Ronald Causey, who opined the “Sitzende Frau” bronze was a genuine Georg Kolbe sculpture.
The trial court granted Daferner’s motion for summary judgment and entered judgment against the sellers for $22,000. The sellers appealed and argued there existed genuine issues of material fact which made summary judgment improper. Berman Daferner, Inc. v. Ronald Causey d/b/a Louisiana Auction Exchange, 95-2049 (La.App. 1st Cir.8/21/96)(unpublished). This court reversed the trial court’s judgment and remanded the case for further proceedings, based on a finding that the original'motion for summary judgment was deficient in that it did not furnish supporting documents to resolve the issue of timeliness. However, this court alerted the parties that Daferner’s petition was for redhibition and its motion for summary judgment related to the terms and conditions of the auction contract. Berman Daferner, Inc. v. Ronald Causey d/b/a Louisiana Auction Exchange, 95-2049 at p. 3 n. 2. This court reserved for another time the issue of whether it was appropriate for the trial court, in a ^motion for summary judgment, to base its decision on a cause of action (breach of contract) which was not specifically set forth in the allegations of plaintiffs petition.
Without amending and/or supplementing its petition to set forth a claim for breach of contract, Daferner filed a second motion for summary judgment on March 10, 1997. The memorandum and arguments in support of Daferner’s second motion for summary judgment, like its first, were based on an action for breach of contract. Once again, without addressing the issue of redhibition, the trial court granted Daferner’s motion for summary judgment and entered judgment against the sellers for $22,000. The trial court’s decision was again based on Dafer-ner’s argument relating to a breach of the terms and conditions of the auction contract.

Standard of Review

Appellate courts are to review the granting of a summary judgment on a de novo basis under the same criteria governing the trial court’s consideration of whether a summary judgment is appropriate. Tugwell v. State Farm Ins. Co., 609 So.2d 195, 197 (La.1992). A motion for summary judgment is properly *469 granted only if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to material fact, and that the mover is entitled to judgment as a matter of law. LSA-C.C.P. art. 966(B). A fact is “material” when its existence or nonexistence may be essential to the plaintiff’s cause of action under the applicable theory of recovery. Penalber v. Blount, 550 So.2d 577, 583 (La.1989). Because it is the applicable substantive law that determines materiality, whether or not a particular fact in dispute is material can be seen only in light of the substantive law applicable to the case. Penton v. Clarkson, 93-0657 (La.App. 1st Cir.3/11/94), 633 So.2d 918, 922.
The summary judgment procedure is designed to secure the just, speedy, and inexpensive determination of actions. The procedure is favored and shall be construed to accomplish these ends. LSA-C.C.P. art. 966(A)(2). The initial burden of proof is on the mover to show that no genuine issue of material fact exists. LSA-C.C.P. art. 966(C)(2). However, once the mover has made a prima facie showing that the motion should be granted, if the non-movant bears the burden of proof at trial on the issue before the court, the burden shifts to him to present evidence demonstrating that ^material factual issues remain. LSA-C.C.P. art. 966(C)(2); Charlet v. Legislature of the State of Louisiana, 97-0212 (La.App. 1st Cir.6/29/98), 713 So.2d 1199, 1202-1203.

Propriety of Summary Judyment

The ultimate material fact in a red-hibition suit is the existence of a redhibitory defect. While it is true that an action for redhibition is dependent on the existence of a contract of sale, the presence of a redhibitory defect does not convert the action into an action for breach of contract unless specifically alleged. These are separate and distinct actions, as evidenced by the different periods of prescription. See LSA-C.C. arts. 2534 and 3499.
Because this was an action for redhi-bition, Daferner had the burden of proving the existence of a redhibitory defect (forgery) in the summary judgment proceeding.[2] In light of the opposing affidavits of the sellers, Daferner failed to show there was no genuine issue of material fact. Therefore, the granting of the summary judgment was in error.[3]

Decree

For the foregoing reasons, the trial court’s judgment is reversed, and the case is remanded to the trial court for further proceedings. Costs of the appeal are assessed to Berman Daferner, Inc.
REVERSED AND REMANDED.
SHORTESS, J., concurs with reasons.

. Although we refer to "purchaser” and “sellers,” there is no evidence in the record as to the terms and conditions of the consignment agreement. Therefore, we do not know if Louisiana Auction Exchange, Inc. had the authority to transfer title of the sculpture or whether it acted merely as an auctioneer. However, for purposes of this opinion, we have assumed it had the authority to transfer title upon acceptance of the highest bid.

. That is not to say that the purchaser does not possibly have a cause of action for breach of contract. We simply note the allegations of the petition do not satisfactorily set forth such a claim; therefore, Daferner's motion for summary judgment based on a claim for breach of contract was improper.

. In light of the decision rendered, we pretermit the issue of whether the documentary evidence introduced constituted sufficient proof of the fulfillment of the auction contract provision requiring "return” of the item in the same condition as when it was sold.