# STATE OF LOUISIANA
## COURT OF APPEAL, THIRD CIRCUIT

### 18-308


**BARBARA E. DAVIDSON**

**VERSUS**

**CHARLES EUGENE SANDERS, SR., ET AL.**


\*\*\*\*\*\*\*\*\*\*

APPEAL FROM THE
NINTH JUDICIAL DISTRICT COURT
PARISH OF RAPIDES, NO. 258,500
HONORABLE MONIQUE FREEMAN RAULS, DISTRICT JUDGE


\*\*\*\*\*\*\*\*\*\*

**SHANNON J. GREMILLION**
**JUDGE**

\*\*\*\*\*\*\*\*\*\*


Court composed of Ulysses Gene Thibodeaux, Chief Judge, Shannon J. Gremillion, and Candyce G. Perret, Judges.


**REVERSED IN PART;**
**AFFIRMED IN PART.**

**Russell L. Potter**
**Stafford, Stewart & Potter**
**P.O. Box 1711**
**Alexandria, LA 71309**
**(318) 487-4910**
**COUNSEL FOR DEFENDANT:**
     **Dixie Roofing and Sheet Metal Company, Inc.**

**Ricky L. Sooter**
**Attorney at Law**
**4615 Parliament Drive, Suite 202**
**Alexandria, LA 71309-1791**
**(318) 767-2226**
**COUNSEL FOR PLAINTIFF/APPELLANT:**
     **Barbara E. Davidson**

**Charles D. Elliott**
**Charles Elliott & Associates**
**720 Murray Street**
**Alexandria, LA 71301**
**(318) 704-6511**
**COUNSEL FOR DEFENDANTS/APPELLEES:**
     **Charles Eugene Sanders, Sr.**
     **Charles Eugene Sanders, Jr.**
     **Randall Paul Sanders**
     **Russell Todd Sanders**
     **Richard Earl Sanders**

Jonathan D. Stokes
Gold, Weems, Bruser, Sues & Rundell
P. O. Box 6118
Alexandria, LA 71307
(318) 445-6471
COUNSEL FOR DEFENDANT/APPELLEE:
     CMR Construction & Roofing, LLC

**GREMILLION, Judge**.

The plaintiff-appellant, Barbara Davidson, appeals the trial court's judgment granting summary judgment in favor of the defendants-appellees, Charles Sanders, Sr., Charles Sanders, Jr., Randall Sanders, Richard Sanders, and Russell Sanders (the Sanders defendants) and granting defendant-appellee, CMR Construction & Roofing, LLC's (CMR), exception of no cause of action. For the following reasons, we reverse in part and affirm in part.

## FACTUAL AND PROCEDURAL BACKGROUND

Davidson, who was eighty-three years old at the time of trial, purchased a home on March 22, 2014, from the Sanders defendants for the purchase price of $174,265.00. Davidson had rented the home from the Sanders defendants for the previous ten years. The parties agreed that $50,000.00 of that sum was for the "cost of roof replacement." CMR and Dixie Roofing and Sheet Metal Company, Inc., another defendant not a party to this appeal, completed the repairs to the roof at the Sanders defendants' behest but it continued to leak. Davidson filed a petition for rescission of sale of residential property on March 30, 2017 seeking a return of all funds paid, due to the roof leaks throughout the home that caused her to relocate to a nearby apartment in June 2016. Attached to her petition was the roof labor warranty agreement issued by CMR warrantying the work for a period beginning May 15, 2014 and ending May 15, 2024.

In their answer, the Sanders defendants pled as affirmative defenses that the claims were in redhibition and, therefore, subject to a one-year prescriptive period and prescribed. The Sanders defendants also alleged that Davidson was aware of the roof problems prior to the purchase. They further urged that the house was sold for $120,000.00 and did not include the purchase price of the roof. CMR filed a peremptory exception of no cause of action urging that Davidson had no privity of contract with it since the Sanders defendants hired CMR. CMR further asserted that Davidson failed

to set forth any defect in CMR's workmanship or materials and that she failed to follow the requirements set forth in the warranty, thereby voiding it. To wit, CMR claimed that Davidson contacted a representative of Dixie Roofing (who replaced the flat roof section) to repair the roof, as opposed to CMR (who replaced the Spanish Tile portion of the roof) and failed to comply with the warranty's notice requirements, causing it to be void.

In September 2017, the Sanders defendants filed a motion for a hearing on the exception of prescription and motion for summary judgment. In her opposition to the motion for summary judgment, Davidson argued that her claims were based on a breach of contract claim and that the only parties alleging a redhibitory defect were the Sanders defendants. Davidson amended her petition to allege breach of contract, lack of contract due to failure of cause, consent, and/or future object and urged that all defendants had been unjustly enriched. Attached to her amending petition was a proposal for services from CMR to Dixie Roofing.

Following a hearing on the motion for summary judgment in December 2017, the trial court granted summary judgment in favor of the Sanders defendants and granted CMR's exception of no cause of action. Davidson now appeals and asserts as error:

> 1. The trial court erred in dismissing Davidson's action against Sanders with prejudice by granting the summary judgment on the issue of redhibition when the facts pled by Davidson lead to issues as to whether there was a valid contract, a breach of contract, detrimental reliance, and/or unjust enrichment.
>
> 2. The trial court erred in finding that the Sanders did not judicially admit to the fact that they were paid $50,000 for the replacement of the roof.
>
> 3. The trial court erred in granting the Exception of No Cause of Action against CMR as the facts pled are sufficient to state at least one cause of action against CMR.

2

# SUMMARY JUDGMENT

On appeal, summary judgments are reviewed de novo. *Magnon v. Collins,* 98–2822 (La. 7/7/99), 739 So.2d 191. Thus, the appellate court asks the same questions the trial court asks to determine whether summary judgment is appropriate. *Id.* This inquiry seeks to determine whether any genuine issues of material fact exist and whether the movant is entitled to judgment as a matter of law. La.Code Civ.P. art. 966(B) and (C). This means that judgment must be rendered in favor of the movant if the pleadings, depositions, answers to interrogatories, admissions on file, and affidavits show a lack of factual support for an essential element of the opposing party's claim. *Id.* If the opposing party cannot produce any evidence to suggest that he will be able to meet his evidentiary burden at trial, no genuine issues of material fact exist. *Id.*

Material facts are those that determine the outcome of the legal dispute. *Soileau v. D & J Tire, Inc.,* 97–318 (La.App. 3 Cir. 10/8/97), 702 So.2d 818, *writ denied,* 97–2737 (La. 1/16/98), 706 So.2d 979. In deciding whether facts are material to an action, we look to the applicable substantive law. *Id.* Finally, summary judgment procedure is favored and designed to secure the just, speedy, and inexpensive determination of every action. La.Code Civ.P. art. 966(A)(2).

*Am. Zurich Ins. Co. v. Caterpillar, Inc.*, 12-270, pp. 4-5 (La.App. 3 Cir. 10/3/12), 99 So.3d 739, 742-43.

At the hearing on the motion for summary judgment, the Sanders defendants argued that Davidson's claim was in redhibition but that it would fail because she knew of the defects prior to the sale, and, even if she did have a claim in redhibition, it was prescribed. Davidson, on the other hand, argued her claims were based on a breach of contract for which rescission was a remedy because she did not receive the house and new roof as agreed upon. The trial court agreed with the Sanders defendants that the claim was one in redhibition and that it was prescribed.

In brief, Davidson points to the fact that she paid the Sanders defendants $174,265.00, which included $50,000.00 for the roof replacement. She argues that the Sanders defendants were responsible for replacing the roof and that she detrimentally relied on their representations that the roof would be replaced. Finally, Davidson argues, pursuant to breach of contract, the parties never had a meeting of the minds as to the

3

scope of the sales contract or the Sanders defendants breached their obligations by failing to have the roof properly replaced.

***Moving Party's Motion***

Central to Davidson's argument is that her petition was not based in redhibition, but breach of contract, yet the trial court based its grant of summary judgment on redhibition. The issue of the focus of the moving party's pleading in granting a summary judgment has been addressed. In *Berman Daferner, Inc. v. Causey*, 97-1647 (La.App. 1 Cir. 9/25/98), 723 So.2d 467, the plaintiff's petition sounded in redhibition, but the trial court's grant of summary judgment in the plaintiff's favor was based on breach of contract. On appeal, the appellate court "reserved for another time the issue of whether it was appropriate for the trial court, in a motion for summary judgment, to base its decision on a cause of action (breach of contract) which was not specifically set forth in the allegations of plaintiff's petition." *Id.* at 468. The appellate court remanded the case. Again, on appeal, the appellate court noted that the trial court referenced breach of contract without discussing redhibition. The appellate court, in addressing the second appeal after remand stated, "Because this was an action for redhibition, Daferner had the burden of proving the existence of a redhibitory defect (forgery) in the summary judgment proceeding." *Id.* at 469. Thus, the appellate court found that the granting of summary judgment in plaintiff's favor was in error as there were genuine issues of fact. In a footnote, the court noted that the plaintiff may have, in fact, had a cause of action for breach of contract, but noted that "the allegations of the petition do not satisfactorily set forth such a claim; therefore, Daferner's motion for summary judgment based on a claim for breach of contract was improper." *Id.* at fn 2. Notably, the appellate court found plaintiff's own summary judgment motion inadequate for failing to produce evidence in accordance with the claims in its own petition (redhibition rather than breach of contract). In the facts before us now, the opposing

party in its motion for summary judgment seeks to control the pleadings filed by the plaintiff.

The case relied upon by Davidson further supports the position that a motion for summary judgment is not the vehicle to change or challenge the nature of plaintiff's allegations. In *Balthazar v. Hensley R. Lee Contracting, Inc.*, 16-920 (La.App. 4 Cir. 3/15/17), 214 So.3d 1032, *writ denied*, 17-777 (La. 9/22/17), 228 So.3d 741, the defendant proposed a theory not advanced by the plaintiff in its motion for summary judgment. In addressing this issue, the appellate court stated:

> The basis for HRL's request for partial summary judgment fails to address the actual claim asserted in Plaintiffs' petition.
>
> . . . .
>
> While summary judgment may be rendered only on those issues set forth in the motion under consideration pursuant to La.C.C.P. art. 966(F), *the motion itself does not dictate the nature of a petitioner's claim or the theory of recovery upon which a petitioner seeks redress.*
>
> *We know of no statute or case law by which an argument raised in a summary judgment motion determines the nature of a petitioner's claim. Rather, the "nature of a claim is determined by the pleadings in the case." Cacamo v. Liberty Mut. Fire Ins. Co.*, 99-3479, p. 6 (La. 6/30/00), 764 So.2d 41, 45 (citing *Jefferson v. Tennant*, 107 So.2d 334 (La App. 2nd Cir. 1958)). "[B]ecause our civil procedure is based on fact pleading . . . the courts must look to the facts alleged to discover what, if any, relief is available to the parties." *Carter v. Benson Auto. Co.*, 94-158, p. 3 (La.App. 5 Cir. 9/27/94), 643 So.2d 1314, 1315. "That is to say, "the [n]ature of a suit is determined by the facts stated in the petition and the intention of the petitioner in stating the facts.""

*Id*. at 1037-39 (emphasis added).

Based on the facts pled by Davidson and the above jurisprudence, we find that the trial court erred in granting summary judgment based on redhibition, a theory first mentioned by the defendants in their motion for summary judgment. Furthermore, as discussed below, the facts set forth by Davidson preclude the application of the redhibition statutes and set forth sufficient facts to assert a breach of contract claim.

5

*Redhibition versus breach of contract*

In this case, both the buyer and seller were aware of the defects in the roof, hence Davidson contracted with the Sanders defendants to have them engage a roofing company to replace the roof subsequent to the sale. This uncontested fact alone precludes the application of the redhibition statutes which explicitly apply to latent or hidden defects. Louisiana Civil Code article 2521 provides: "The seller owes no warranty for defects in the thing that were known to the buyer at the time of the sale, or for defects that should have been discovered by a reasonably prudent buyer of such things." Comment (a) to the article reiterates that "apparent defects are not redhibitory vices." Comment (b) to the article provides:

> Under this Article, a defect, or vice, is redhibitory when it is hidden, that is, not apparent, nor known to the buyer. Thus, a defect is not hidden, and therefore not redhibitory, when the buyer knows of it either because it was disclosed by the seller or because the buyer discovered it by himself.

Davidson's petition sets forth sufficient facts to state a claim for breach of contract, i.e., Davidson paid the Sanders defendants $50,000.00 to ensure proper replacement of the roof, and that the roof replacement was defective. Accordingly, summary judgment in favor of the Sanders defendants based on redhibition was erroneous and the Sanders defendants' exception of prescription is moot.

## EXCEPTION OF NO CAUSE OF ACTION

On appeal, we review the trial court's grant of an exception of no cause of action using the de novo standard of review. *ERA Helicopters, LLC v. Amegin*, 15-753 (La.App. 3 Cir. 12/9/15), 181 So.3d 241.

> The purpose of the peremptory exception of no cause of action is to determine the sufficiency in law of the petition. The burden of showing that the plaintiff has stated no cause of action is upon the exceptor. The public policy behind the burden is to afford the party his day in court to present his evidence. *Jarrell v. Carter*, 577 So.2d 120 (La.App. 1 Cir.), *writ denied*, 582 So.2d 1311

6

(La.1991). The exception is triable on the face of the papers, and for the purpose of determining the issues raised by the exception, the court must presume that all well-pleaded facts in the petition are true. All reasonable inferences are made in favor of the nonmoving party in determining whether the law affords any remedy to the plaintiff. LA.CODE CIV.P. arts. 927, 931; *Mayer v. Valentine Sugars, Inc.*, 444 So.2d 618 (La.1984)....

Generally, under LA.CODE CIV.P. art. 931 parties may introduce no evidence to support or controvert the exception. *See, e.g., Treasure Chest Casino, L.L.C. v. Parish of Jefferson*, 96-1010 (La.App. 1 Cir. 3/27/97), 691 So.2d 751, 754, *writ denied*, 97-1066 (La. 6/13/97), 695 So.2d 982....

An exception of no cause of action is likely to be granted only in the unusual case in which the plaintiff includes allegations that show on the face of the petition that there is some insurmountable bar to relief. Thus, dismissal is justified only when the allegations of the petition itself clearly show that the plaintiff does not have a cause of action, or when its allegations show the existence of an affirmative defense that appears clearly on the face of the pleadings. [*City of New Orleans v.] Board of Comm'rs of Orleans Levee Dist.*, 640 So.2d [237] at 237 [ (La. 1994) ]. A court appropriately sustains the peremptory exception of no cause of action only when, conceding the correctness of the well-pleaded facts, the plaintiff has not stated a claim for which he can receive legal remedy under the applicable substantive law.

*City of New Orleans v. Bd. of Dir. of Louisiana State Museum*, 98-1170, pp. 9-10 (La.3/2/99), 739 So.2d 748, 755–56.

*Sun Coast Contracting Servs., Inc. v. Dien's Auto Salvage, Inc.*, 14-307, pp.1-2 (La.App. 3 Cir. 10/1/14), 148 So.3d 964, 966–67, *writ denied*, 14-2432 (La. 2/13/15), 159 So.3d 465.

At the hearing on the exception of no cause of action, CMR argued that Davidson's own attachment to her petition—the warranty issued by CMR to Davidson—indicated it was voided because another party was called out to do repair work and no notice was given to CMR. Further, CMR claims there can be no detrimental reliance claim because CMR has not made any representations to Davidson.

CMR argues that there can be no undue enrichment because Davidson did not pay CMR. The trial court granted CMR's exception finding that the only claim available to Davidson against CMR was a limited warranty claim.

Davidson conceded in brief and at oral argument that CMR's liability is to the Sanders defendants, the party with whom it contracted. Accordingly, we find no error in the trial court's grant of CMR's exception of no cause of action. We take note, however, of CMR's attempt to void the limited warranty given to the third-party beneficiary (the plaintiff) who was not responsible for hiring two different companies to perform the roof replacement. Further, Davidson contacted the other roofing company at the Sanders defendants' instruction.

## CONCLUSION

The trial court's judgment granting summary judgment in favor of the defendants-appellees, Charles Sanders, Sr., Charles Sanders, Jr., Randall Sanders, Richard Sanders, and Russell Sanders, is reversed. The trial court's grant of the defendant-appellee, CMR Construction & Roofing, LLC's, exception of no cause of action, is affirmed. All costs of this appeal are assessed to Charles Sanders, Sr., Charles Sanders, Jr., Randall Sanders, Richard Sanders, and Russell Sanders.

**REVERSED IN PART;**
**AFFIRMED IN PART**.