STATE OF LOUISIANA
COURT OF APPEAL, THIRD CIRCUIT

CA 18-754


JOHN C. OWENS

VERSUS

MCILHENNY COMPANY, ET AL.


**********

APPEAL FROM THE
SIXTEENTH JUDICIAL DISTRICT COURT
PARISH OF IBERIA, NO. 129546
HONORABLE KEITH RAYNE JULES COMEAUX, DISTRICT JUDGE

**********

**BILLY HOWARD EZELL**
**JUDGE**

**********

Court composed of Ulysses Gene Thibodeaux, Chief Judge, Billy Howard Ezell, and John E. Conery, Judges.


**AFFIRMED.**

**Robert L. Marrero**
**Robert L. Marrero, LLC**
**401 Whitney Avenue, Suite 126**
**Gretna, LA 70056-2577**
**(504) 366-8026**
**COUNSEL FOR PLAINTIFF/APPELLANT:**
    **John C. Owens**

**Kimberly G. Anderson**
**3850 N. Causeway Boulevard, Suite 1230**
**Metairie, LA 70002**
**(504) 872-3946**
**COUNSEL FOR DEFENDANTS/APPELLEES:**
    **McIlhenny Company**
    **Jungle Gardens, Inc.**

**EZELL, Judge.**

John Owens filed suit against McIlhenny Company and Jungle Gardens, Inc., for injuries he sustained when he tripped and fell on a concrete pad while walking through the gardens. The trial court granted summary judgment in favor of the Defendants, and Mr. Owens filed the present appeal. For the following reason, we affirm the judgment of the trial court.

## FACTS

According to Mr. Owens' petition, he and his wife and three cousins visited Jungle Gardens at Avery Island on February 16, 2016.[1] After touring other areas of the gardens, the group went to the Palm Garden area. Mr. Owens stepped onto a concrete pad on a pathway and began to fall. He broke his fall by stretching out his hands. In the process, Mr. Owens severely injured both his wrists, which required surgery. He also claims he injured his neck and back.

Mr. Owens filed suit against McIlhenny Company and Jungle Gardens on January 9, 2017. The Defendants filed a motion for summary judgment on May 24, 2018. A hearing was held on July 18, 2018. At the conclusion of the hearing, the trial court determined that the Defendants were entitled to summary judgment under La.Civ.Code art. 2317.1 . Mr. Owens then filed the present appeal.

## SUMMARY JUDGMENT

In reviewing a trial court's determination of whether summary judgment is appropriate, an appellate court utilizes a de novo standard of review and applies the same standard of review that the trial court does. *Schroeder v. Bd. of Supervisors of La. State Univ.*, 591 So.2d 342 (La.1991).

---

[1] The petition alleges the group purchased tickets on February 16, 2015, but later alleges the fall occurred on February 16, 2016.

"[A] motion for summary judgment shall be granted if the motion, memorandum, and supporting documents show that there is no genuine issue as to material fact and that the mover is entitled to judgment as a matter of law." La.Code Civ.P. art. 966(A)(3). In ruling on a motion for summary judgment, the trial court's role is not to evaluate the weight of the evidence, but instead to determine whether there is a genuine issue of triable fact. *Hines v. Garrett*, 04-806 (La. 6/25/04), 876 So.2d 764.

The mover bears the burden of proving it is entitled to summary judgment unless "the mover will not bear the burden of proof at trial on the issue that is before the court on the motion for summary judgment[.]" La.Code Civ.P. art. 966(D)(1). In that case, the mover is not required to negate all essential elements of the adverse party's claim but only need point out the absence of factual support for one or more elements essential to the adverse party's claim. *Id.* The burden is then "on the adverse party to produce factual support sufficient to establish the existence of a genuine issue of material fact or that the mover is not entitled to judgment as a matter of law." *Id.*

It is the applicable substantive law that determines whether the trial court's grant of summary judgment was appropriate. *Davidson v. Sanders*, 18-308 (La.App. 3 Cir. 12/6/18), ___ So.3d ___. At the hearing, the trial court was presented with the issue of the applicability of the Louisiana Merchant Liability Act under La.R.S. 9:2800.6 or premises liability under La.Civ.Code art. 2317.1. The trial court determined that La.Civ.Code art. 2317.1 applied to this case and that La.R.S. 9:2800.6 was not applicable. We agree.

Louisiana Revised Statues 9:2800.6(A) states that it applies to a merchant "to keep his aisles, passageways, and floors in a reasonably safe condition."

2

Obviously, the Jungle Gardens has no aisles, passageways, or floors as contemplated by the statute but is a 170 acre "exquisite semi-tropical garden stretching along-side of Bayou Petit Anse" on Avery Island as described in Mr. Owens' petition. The trial court was correct in finding that La.Civ.Code art. 2317.1 is applicable to the facts of this case.

Louisiana Civil Code Article 2317.1 provides:

> The owner or custodian of a thing is answerable for damage occasioned by its ruin, vice, or defect, only upon a showing that he knew or, in the exercise of reasonable care, should have known of the ruin, vice, or defect which caused the damage, that the damage could have been prevented by the exercise of reasonable care, and that he failed to exercise such reasonable care. Nothing in this Article shall preclude the court from the application of the doctrine of res ipsa loquitur in an appropriate case.

In order to prevail on a claim under La.Civ.Code art. 2317.1 a plaintiff must prove:

> (1) that the thing which caused the damage was in the defendant's custody or control, (2) that it had a vice or defect that presented an unreasonable risk of harm, (3) that the defendant knew or should have known of the vice or defect, (4) that the damage could have been prevented by the exercise of reasonable care, and (5) that the defendant failed to exercise such reasonable care. If the plaintiff fails to provide proof [of] any one of these elements, his/her claim fails.

*Riggs v. Opelousas Gen. Hosp. Trust Auth.*, 08-591, p. 4 (La.App. 3 Cir. 11/5/08), 997 So.2d 814, 817.

At the conclusion of the hearing, the trial court concluded that the Defendants had no knowledge of the ruin, vice, or defect, or even that there was a defect. The trial court concluded that the Defendants did not fail to exercise reasonable care and that Mr. Owens tripped on his own accord. Therefore, the trial court found that Mr. Owens failed to provide proof of any of the elements other than custody of the concrete pad that Mr. Owens slipped on.

3

Mr. Owens' deposition testimony revealed that he had been to the gardens several times before this incident. On this particular day, the weather was nice. He noticed, as he walked on other concrete pads, that some of them would shift. He had no problem seeing the pads. His wife stepped on the pad before him with no problem. He testified that he put his left foot down on the back part of the pad and fell. He was injured when he braced his fall with his hands. He stated that he would not have fallen if he stepped on the middle of the pad as his wife did. Mr. Owens did not tell anyone at the gardens about his accident nor report that the pads had issues.

> Under [A]rticle 2317.1, a defect is a condition creating an "unreasonable risk of harm," which requires the trier of fact to decide whether the social value and utility of a hazard outweighs, and thus justifies, its potential harm to others. The fact that a pedestrian fell on a walkway does not automatically elevate the condition of that walkway to that of an unreasonably dangerous defect. The defect must be of such a nature to constitute a dangerous condition, which would reasonably be expected to cause injury to a prudent person using ordinary care under the circumstances.

> The degree to which the danger is evident to the plaintiff is one factor in determining whether the condition is unreasonably dangerous. If the facts of a particular case show that the complained of condition should be obvious and apparent to all, the condition may not be unreasonably dangerous and the defendant may owe no duty to the plaintiff.

*Cangelosi v. Treasure Chest Casino, L.L.C.*, 18-72, p. 6 (La.App. 5 Cir. 7/31/18), 252 So.3d 559, 564 (footnotes omitted), *writ denied*, 18-1446 (La. 11/20/18), 256 So.3d 997.

Mr. Owens acknowledged that he had stepped on previous concrete pads that wiggled, so he knew he had to be careful. He also agreed that if you stepped in the middle, the pad would not wiggle, yet he chose to step on the edge which is when he fell. These pads were located on walking trails in an outdoor natural

4

environment where common sense dictates that that surfaces will be uneven. Even Mr. Owens acknowledged that it would have been "ridiculous" to report to the anyone that the concrete pads would wiggle. He did not even report the incident after he fell. As such, there is no evidence that the Defendants had any notice that the concrete pads would wiggle.

We agree with the trial court that the concrete pads located on paths in the gardens did not create an unreasonable risk of harm. Mr. Owens' own testimony establishes that had he exercised reasonable care in stepping in the middle of the pad, the accident would not have occurred.

For these reasons, we find there are no genuine issues of material fact that the Defendants are not liable under La.Civ.Code art. 2317.1. The trial court was correct in granting the Defendants' motions for summary judgment, and we affirm its judgment. Costs of this appeal are assessed to John Owens.

**AFFIRMED.**