NOT DESIGNATED FOR PUBLICATION

STATE OF LOUISIANA

COURT OF APPEAL

FIRST CIRCUIT

NO. 2022 CA 0716

PAUL SPRADLEY

VERSUS

DENISE O. PEREZ AND BERCHMANS J. PEREZ, III

*Judgment Rendered:*     FEB 1 6 2023

* * * * * * * *

Appealed from the
22nd Judicial District Court
In and for the Parish of St. Tammany
State of Louisiana
Case No. 2020-13047

The Honorable William H. Burris, Judge Presiding

* * * * * * * *

| | |
|---|---|
| Paul Spradley<br>In Proper Person<br>Harahan, LA | Counsel for Plaintiff/Appellant<br>Paul Spradley |
| John R. Walker<br>Andrew J. Walker<br>Covington, LA | Counsel for Defendants/Appellees<br>Denise O. Perez and Berchmans J. Perez, III |

* * * * * * * *

BEFORE: WELCH, PENZATO, AND LANIER, JJ

Welch, J. concurs in result without reasons

**LANIER, J.**

The Twenty-Second Judicial District Court rendered summary judgment in favor of the appellees, Denise O. Perez and Berchmans J. Perez, III (the Perezes), dismissing the suit of the appellant, Paul Spradley, with prejudice. For the following reasons, we affirm.

## FACTS AND PROCEDURAL HISTORY

On or about July 15, 2015, Mr. Spradley entered into a purchase agreement with the Perezes to buy a home raised on piers in Covington, Louisiana. The home was owned by Ms. Perez, who was also the real estate agent for the property. The sale price on the contract was $295,000.00. Mr. Spradley had an inspection of the home by Bart the Inspector, LLC on August 8, 2015. The inspector identified several defects with the property. As to the foundation, the inspector noted a three-inch lean to the west and a one inch lean to the southwest. The house also had a crack in the support wall, but the inspector concluded the foundation was satisfactory.

Mr. Spradley then hired Robert Wolfe Construction, Inc. to give an estimate for repairs of the issues found by the inspector. On August 12, 2015, the contractor proposed to repair the issues for a total price of $27,890.00. Mr. Spradley requested from the Perezes a reduction in the sale price of the property in the amount of the contractor's proposal, but the Perezes would only agree to a reduction of $10,000.[1]

On August 16, 2015, Ms. Perez provided Mr. Spradley with a property disclosure document, which was signed by the Perezes and dated June 11, 2015.[2] ) The document stated that the yard experienced flooding during Hurricane Katrina, which quickly drained. On question 15, which asked, "Has there been any

---

[1] Mr. Spradley has not made a claim for further reduction in the sale price due to these issues.
[2] The form is in conformity with La. R.S. 9:3196-3200, which pertain to residential property disclosure.

2

foundation repair?", the Perezes checked the "no" box. There is no mention in the disclosure of defects to the foundation, or that any additions or alterations were made to the property.

On August 26, 2015, about a week prior to the closing, Ms. Perez stated that the bathroom, kitchen, and flooring had been remodeled, and the house had been leveled, but no documentation of such was ever provided to Mr. Spradley. Ms. Perez informed Mr. Spradley that the house had been leveled on or about 2007 as a result of Hurricane Katrina, which Mr. Spradley acknowledged in his affidavit. At the closing on September 1, 2015, Mr. Spradley purchased the property for $285,000 and signed a waiver of redhibition that was included in the act of cash sale. Upon moving onto the property, Mr. Spradley then began making the repairs that were included in the contractor's proposal.

Approximately four years later, in October of 2019, Mr. Spradley began to notice more issues with the property, such as misaligned windows, uneven floors, separation of molding, and cracks in the drywall. He called ECO Builders (ECO), the same contractor who leveled the house on or about 2007, to inspect the house's foundation. It was discovered that due to several plumbing issues, which Mr. Spradley alleged occurred when the Perezes owned the property, the subfloor and earth beneath the house had rotted and softened, which was causing the foundation to sink. Mr. Spradley alleged that since the discovery of these defects, the property had flooded more than what the Perezes indicated in their disclosure, and the water would collect near the foundation piers. As a result, Mr. Spradley alleged he had to add a drainage system and regrade the land to keep water away from the house.

Mr. Spradley learned from ECO that, when they were consulted by the Perezes in 2007, they discovered the defective condition of the foundation and provided two repair options. The more expensive method included a lifetime warranty on the repair. The Perezes chose the less expensive method, which did

not include a lifetime warranty. ECO offered the same methods of repair to Mr. Spradley. Mr. Spradley claims to have spent over $100,000.00 in repairs to the issues in the house discovered after purchasing the property.

On July 22, 2020, Mr. Spradley filed a petition for redhibition and for damages, in which he made the aforementioned allegations, and also claimed that the Perezes failed to disclose in good faith the defects in the property that were known to them. Due to this alleged willful omission, Mr. Spradley claimed his signed waiver of redhibition was vitiated. He seeks from the Perezes damages, including costs of the repair to all the property's defects that were not disclosed to him, loss of enjoyment, attorney's fees, and legal interest.

On December 20, 2021, Mr. Spradley filed a motion for partial summary judgment, with exhibits, in which he claimed there was no genuine issue of material fact pertaining to the Perezes' liability for his damages related to the house's foundation. On January 24, 2022, the Perezes filed their own motion for summary judgment, with exhibits. In their memorandum, the Perezes claim that there was no genuine issue of material fact that Mr. Spradley waived redhibition, that the Perezes did not withhold disclosure of the foundation issues in bad faith, and that the defects were apparent upon simple inspection.

On March 28, 2022, the district court signed a judgment, which denied Mr. Spradley's motion for partial summary judgment and granted the Perezes' motion for summary judgment, dismissing Mr. Spradley's petition with prejudice. At the hearing, the district court acknowledged that the Perezes checked the wrong box relating to the foundation on the property disclosure statement, but noted that they ultimately informed Mr. Spradley that there had been a prior leveling before he purchased the property. Therefore, the district court concluded that the Perezes were not fraudulent in their disclosure, and Mr. Spradley had sufficient knowledge

4

of the house's defects prior to the purchase. Mr. Spradley has appealed that judgment, insofar as it dismissed the redhibition cause of action concerning the foundation.

## ASSIGNMENTS OF ERROR

Mr. Spradley asserts two assignments of error:

1. The district court erred in finding that Mr. Spradley had sufficient knowledge to discover the foundation defect prior to the act of sale.

2. The district court erred in finding that Mr. Spradley could have ascertained the truth without difficulty, inconvenience, or special skill.

## STANDARD OF REVIEW

Appellate courts are to review the granting of a summary judgment on a *de novo* basis under the same criteria governing the district court's consideration of whether a summary judgment is appropriate. *Berman Daferner, Inc. v. Causey*, 97-1647 (La. App. 1 Cir. 9/25/98), 723 So.2d 467, 468. A motion for summary judgment shall be granted if the motion, memorandum, and supporting documents show that there is no genuine issue as to material fact and the mover is entitled to judgment as a matter of law. La. C.C.P. art. 966(A)(3). A fact is "material" when its existence or nonexistence may be essential to the plaintiff's cause of action under the applicable theory of recovery. *Berman Daferner, Inc.*, 723 So.2d at 469. The ultimate material fact in a redhibition suit is the existence of a redhibitory defect. *Id.*

## DISCUSSION

Mr. Spradley's assignments of error, taken together, indicate the district court's finding that Mr. Spradley either knew or should have known of the house's foundation defect prior to purchase, thereby defeating his claim for redhibition. In that case, a seller owes no warranty for defects in the thing that were known to the buyer at the time of the sale, or for defects that should have been discovered by a reasonably prudent buyer of such things. La. C.C. art. 2521. A simple inspection

5

is more than a casual observation; it is an examination of the article by the buyer with a view of ascertaining its soundness. *David v. Thibodeaux*, 2004-0976 (La. App. 1 Cir. 5/11/05), 916 So.2d 214, 217, writ denied, 2005-1575 (La. 1/27/06), 922 So.2d 545. Factors considered in determining whether an inspection is reasonable include the knowledge and expertise of the buyer, the opportunity for inspection, and assurances made by the seller. *Id.*

Whether damage is apparent to the buyer of a home by reasonable inspection is a question of fact. *Id.* Typically, when *all* the damage is concealed within the home's structure (e.g., walls and floors) it is considered unapparent because it is not discoverable by a simple inspection. *Id.,* at 217-218. In such situations, there is no obligation on the part of the buyer to inspect further. On the other hand, when *some* of the damage is detectable by a simple inspection, the buyer has a duty to investigate further. If he chooses to purchase the home without further investigation, he waives the right to sue for rescission or reduction based upon the damage. *Id.,* at 218. However, if the seller represents that suspected defects have been corrected, and simple inspection establishes these representations to be accurate, the buyer need not investigate further. *Id.*

After the inspection by Bart the Inspector, LLC and the repair estimate by Robert Wolfe Construction, Inc., a three-inch lean in the house and a crack in the support wall were discovered. The inspector determined the foundation was satisfactory; however, the inspector also stated that "further evaluation (if needed) will need to be done by a shoring contractor." Mr. Spradley notified the Perezes of damages discovered by the inspector, and they agreed to a $10,000 reduction of the sale price.

Prior to closing, the Perezes provided a disclosure statement, which disclosed a prior flooding issue, but did not indicate any foundation damage.

6

However, Ms. Perez notified Mr. Spradley a week prior to closing that the house had been leveled in 2007.

The documents offered in support of and in opposition to the motions for summery judgment establish that the Perezes did not know of any hidden defect in the home's foundation prior to the sale to Mr. Spradley, and that Mr. Spradley was capable of discovering any defect himself. See *Minton v. Acosta*, 2021-1180 (La. App. 1 Cir. 6/3/22), 343 So.3d 721, 726. The Perezes made a disclosure to Mr. Spradley of all known issues with the home, and even told him that the foundation had been leveled in 2007. Mr. Spradley was, therefore, aware of the defects to the foundation prior to his purchase of the home.

Mr. Spradley argues that, when given the choice of a temporary or a permanent solution to the sinking foundation, the Perezes chose the cheaper, temporary solution without a lifetime warranty, and thus, they should have known that the foundation problems would arise again in the future. However, the facts do not corroborate Mr. Spradley's argument. After the home was inspected in 2015, the house did not show discoverable signs of additional foundation damage until four years after Mr. Spradley purchased the home. The Perezes could not have had knowledge of the alleged redhibitory defects in the foundation that appeared after the sale, and they were never advised by ECO that the foundation issues were likely to reoccur or would not be resolved if they chose the option that did not offer a lifetime warranty. We find that there is no genuine issue of material fact that the Perezes did not know of the existence of the alleged redhibitory defects in the home when it was sold to Mr. Spradley. Therefore, the Perezes were not in bad faith for not disclosing the alleged defects to Mr. Spradley.

The act of sale contained the following language:

> Vendor and Purchaser covenant and agree that the Property...
> [is] conveyed by Vendor and accepted by Purchaser "AS IS, WHERE
> IS," and "WITH ALL FAULTS," without any warranty of any kind

7

whatsoever, even as to metes and bounds, the operation or suitability of such property for the use intended by purchaser, and without regard to the presence of apparent or hidden defects and with purchaser's full and complete waiver of any and all rights for the return of all or any part of the purchase price by reason of such defects.... Purchaser expressly waives any rights it may have in redhibition or to a reduction of the purchase price pursuant to [La. C.C. arts. 2520-2548], inclusive, in connection with the property. Purchaser declares and acknowledges that these waivers have been brought to Purchaser's attention and explained in detail and that Purchaser has voluntarily and knowingly consented these waivers. By its signature, purchaser expressly acknowledges all such waivers.

Waiver of the warranties against hidden defects must be strictly construed. La. C.C. art. 2548; See *Minton*, 343 So.3d at 726; *Williston v. Noland*, 2003-2590 (La. App. 1 Cir. 10/29/04), 888 So.2d 950, 952, writ denied, 2005-0084 (La. 4/22/05), 899 So.2d 572. In order for a waiver of warranty to be effective, the following requirements are necessary: (1) the waiver must be written in clear and unambiguous terms; (2) the waiver must be contained in the sale or mortgage document; and (3) the waiver must also be brought to the attention of the buyer or explained to him. *Id.*

The act of sale between Mr. Spradley and the Perezes contains clear and unambiguous language that the house was being sold "as is," regardless of apparent or hidden defects, and that Mr. Spradley waives the right of the return of some or all of the purchase price because of such defects. Mr. Spradley also acknowledged by his signature that the waivers were explained to him and he voluntarily consented to them. With all the requirements of a valid waiver of redhibition being met, Mr. Spradley is not entitled to a return of the purchase price of the property, either entirely or in part.

After our *de novo* review of the record, we find there is no issue of material fact that the Perezes had no knowledge of any alleged redhibitory defect at the time of the sale of their house to Mr. Spradley. Further, Mr. Spradley was aware of defects in the foundation that were discovered by the professional inspections.

8

Nonetheless, he signed an express waiver of redhibition, in which he waived his right to a return of some or all of the purchase price after discovering the existing foundation damage.

## DECREE

The summary judgment of the Twenty-Second Judicial District Court, granted in favor of the appellees, Denise O. Perez and Berchmans J. Perez, III, dismissing, with prejudice, the suit of the appellant, Paul Spradley, is affirmed. All costs of the instant appeal are assessed to the appellant.

**AFFIRMED.**